**Eddie Thomas BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 403–89.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1991.

---

Michael B. Charlton and Charles F. Baird, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson and Jim Lindeman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

The appellant, Eddie Thomas Brooks, was convicted by a jury for the offense of murder and was assessed punishment at twenty-five years in the Texas Department of Corrections.[1] In an unpublished opinion the Fourteenth Court of Appeals affirmed his conviction. *Brooks v. State*, No. 14–85–796–CR, 1987 WL 7660 (Tex.App.—Houston [14th], delivered March 12, 1987).

In the court of appeals, as well as in his petition for discretionary review, appellant asserted that the State engaged in the purposeful or deliberate denial of jury participation to black persons because of race which violated the appellant's rights under the Equal Protection Clause of the United States Constitution. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court of appeals had held that appellant had failed to preserve any error for appellate review as he neglected to object prior to the jury being sworn.[2] At the time that the court of appeals originally affirmed appellant's conviction it was without the benefit of *Henry v. State*, 729 S.W.2d 732, 736 (Tex.Cr.App.1987), which intimated that such error would be sufficiently preserved as to cases then pending on appeal if the defendant presented the issue to the trial court. In the case *sub judice*, appellant presented the issue at his motion for new trial. After granting appellant's petition for discretionary review, this Court vacated the judgment of the court of appeals, and remanded the case to them for further proceedings. The court of appeals then remanded the case to the trial court for a *Batson* hearing.

Since the original remand, in an unpublished opinion, the court of appeals has once again affirmed appellant's conviction, and now we must determine the correctness of the intermediate court's holding that appellant at the *Batson* hearing failed in his attempt to demonstrate purposeful discrimination in compliance with his designated burden of persuasion.

At the *Batson* hearing, appellant adduced evidence that he was a black man and the prosecutor struck five black individuals who were members of appellant's jury panel. Both the trial court and the court of appeals correctly concluded that appellant made a sufficient showing so as to require the prosecutor to go forward with proof of race-neutral explanations for having expended its peremptory challenges on members of appellant's race. As to

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. In *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Cr.App.1987), this Court prospectively declared that a defendant can preserve *Batson* error only by making a timely objection prior to the time the jury is sworn and the venire panel is discharged.

jurors 15 and 35, the prosecutor was unable to give any reason for striking them.[3]

At the conclusion of the *Batson* hearing, the trial court resolved that there had been no purposeful discrimination by the prosecutor in the utilization of his peremptory challenges, notwithstanding his complete failure to give a racially neutral explanation for two of the five black venirepersons. In the trial judge's findings of fact he concluded:

12. Mr. Lindeman [prosecutor] could not remember, due to the passage of time, why he struck juror #15, Elijah Stansell, and juror #35 Alberta Journett, both black.

13. While an Assistant District Attorney, Mr. Lindeman has never used a systematic approach to exclude members of the black race from sitting on juries solely because they were black.

14. Race was one of several considerations for the State's use of peremptory strikes in all cases but never the sole reason. Mr. Lindeman did not strike the jurors in this case because they were black.

15. Mr. Lindeman has had members of the black race on his juries prior the Brooks case.

16. Mr. Lindeman could not even remember which jurors were black because he never noted their race on his jury notes. During the first hearing Mr. Lindeman gave reasons why two white jurors were struck by him when he thought they were black.

17. Mr. Lindeman candidly did not remember why two jurors were struck by him since the trial had concluded three years from the date of the "Batson Hearing."

In its conclusions of law the trial court determined that the appellant established his initial prima facie case of discrimination; however, despite the State not having articulated race-neutral reasons for expending its peremptories on two black venirepersons, the trial court also discerned that appellant had not satisfied his burden of persuasion to establish purposeful discrimination.

In affirming the trial court's ruling the court of appeals opined:

As the findings of fact and conclusions of law demonstrate, the district court found that the prosecutor's inability to articulate racially neutral reasons for striking jurors 15 and 35 was caused by the passage of time and not the use of race as a sole factor in striking potential jurors. The prosecutor testified that he did not exclude jurors 15 and 35 because of race. Further, he had never used race as a sole factor in selecting jurors.

The trial court's determination is crucial and entitled to great deference. *Batson*, 106 S.Ct. at 1724. The district court's findings are not to be disturbed unless clearly erroneous. See *Chambers v. State*, 724 S.W.2d 440, 442 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). We hold that the district court's findings are not clearly erroneous. Accordingly, we overrule appellant's first point of error.

We cannot agree and find that the trial court's conclusions were clearly erroneous in concluding that the prosecution was able to sustain its burden of going forward despite that it failed to give race-neutral explanations for exercising two peremptory challenges on black venirepersons. *Batson*, supra, and its progeny have made it clear in regards to the respective burdens placed upon the parties participating in the *Batson* proceedings:

To establish such a case, [purposeful discrimination] the defendant first must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. * * * Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to dis-

---

3. We will adopt liberally the facts set out in the   court of appeals' opinion.

criminate." Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

\* \* \* \* \* \*

Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. Though this requirement imposes a limitation in some cases on the full peremptory character of the historic challenge, we emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause. *But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption—or his intuitive judgment—that they would be partial to the defendant because of the their shared race.* \* \* \* *Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or "affirming his good faith in individual selections."* \* \* \* *The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried.* The trial court then will have the duty to determine if the defendant has established purposeful discrimination. [Citations omitted.] [Emphasis added.]

*Id.,* 106 S.Ct. at 1723–1724.

Thus, once the defendant establishes his initial prima facie showing of purposeful discrimination such as in this case, the burden shifts to the State to "come forward" with a race-neutral explanation for expending the peremptory challenge. The prosecutor in the case *sub judice* struck five black venirepersons and one black served on the petit jury. From the record provided we can only conclude that the only shared characteristic as to all five was their membership in the black race. At the very least, as was recognized by both the court of appeals and the trial court, at minimum the State was required to come forward in accordance with *Batson,* supra, with evidence by articulating a clear, specific, and legitimate reason for the challenge of each black juror stricken which related to this particular case. Not only did this explanation have to be expressly and affirmatively on the record, it had to be one which the trial court would consider nondiscriminatory. *Batson,* supra, at 1723–1724. The State utterly failed to demonstrate that it struck venirepersons Elijah Stansell and Alberta Journett for permissible race neutral justifications. The State never met its burden of production to come within the specified parameter of *Batson, id.,* and its progeny.

Under the limited circumstances of this case the State's default in articulating a neutral, clear and reasonably specific, legitimate and case related explanations for the two specified black venirepersons leaves us no alternative but to conclude that the trial judge's determination in regards to Stansell and Journett was "clearly erroneous." *Whitsey v. State,* 796 S.W.2d 707 (Tex.Cr. App.1990) (Opinion on State's motion for rehearing).

The judgment of the court of appeals is reversed and this case is remanded to the trial court for a new trial.[4]

---

**4.** It is not our intent to create a per se rule of reversal on the basis that the prosecutor was deficient in specifying a race-neutral explanation for each black venireperson struck by the State with a peremptory challenge. We observe that the record in this case conspicuously lacked a confluence of other factors such as: (1) the black to white ratio exceeded that of the venire; (2) that the prosecutor did not expend all of his peremptory challenges allotted the State pursuant to Article 35.15, V.A.C.C.P.; (3) that the prosecution accepted a jury which was comprised of a percentage of blacks higher than that of the venire; or (4) that any blacks served on the jury. See *United States v. Williams,* 822 F.2d 512 (5th Cir.1987); *United States v. Forbes,* 816 F.2d 1006 (5th Cir.1987).

CAMPBELL and WHITE, JJ., concur in result.

BAIRD and MALONEY, JJ., not participating.