Charline **PIERSON**, Ruby Lee Johnson, Morris Kemp, Johnny Lee Johnson, Ruben D. Johnson, Dave H. Johnson, Otis Johnson and O.D. Johnson, Appellants,

v.

George **NOON**, M.D., Bobby J. Stinebaugh, M.D., and The Methodist Hospital, Appellees.

No. A14–90–00073–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 1, 1991.

Rehearing Overruled Sept. 5, 1991.

---

Charles R. Houssiere, III, Robert K. Schaffer, Houston, for appellants.

Barbara Radnofsky, Robert J. Swift, Pamela A. Hunter, Rebecca Woodward, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This medical malpractice action arises from circumstances surrounding the death of Alberta Johnson. Appellants, the husband and children of the deceased, brought suit against Drs. Noon and Stinebaugh, who were the deceased's treating physicians, and Methodist Hospital. Following a two-week trial, the jury returned a verdict finding no negligence on the part of any defendant. The trial court entered judgment for appellees on October 2, 1989, and appellants' motion for new trial was denied on January 4, 1990. In four points of error, appellants complain of appellees' peremptory strikes during jury selection and the trial court's admission of certain testimonial evidence at trial. We affirm.

In their first point of error, appellants contend that appellees used their peremptory strikes during the jury selection process to engage in purposeful racial discrimination violative of the principles announced in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although originally applicable only to a prosecutor's exercise of peremptory challenges in a criminal setting, the Supreme Court recently extended *Batson* to civil cases by holding that "courts must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges in a civil trial." *Edmonson v. Leesville Concrete Co.*, — U.S. —, 111 S.Ct. 2077, 2088, 114 L.Ed.2d 660 (1991).

**508**

In entertaining such a challenge, however, courts should follow the "same approach" utilized in evaluating a *Batson* challenge in a criminal context. *See id.* 111 S.Ct. at 2088–89. Applying the established rules regarding preservation of error relating to a *Batson* challenge to the facts of this case, we conclude that appellants have failed to preserve the issue for appeal.

It is well settled that to preserve a *Batson* issue for appellate review, a party must lodge his objection regarding the use of peremptory strikes before the jury is sworn and the remainder of the venire is discharged. *E.g., Henry v. State,* 729 S.W.2d 732, 737 (Tex.Crim.App.1987); *Catley v. State,* 726 S.W.2d 595, 597 (Tex. App.—Houston [14th Dist.] 1987, no pet.); *United States v. Erwin,* 793 F.2d 656, 667 (5th Cir.), *cert. denied,* 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986). As the Court of Criminal Appeals declared in *Henry:*

> [A] defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but *before* the jury is sworn and the venire panel is discharged. It is at this time that the trial court has a number of options to correct any error discovered in a *Batson* hearing.

*Henry,* 729 S.W.2d at 737. In this case, appellants made their *Batson* motion after the composition of the jury was made known and *after* the jury was sworn and the remainder of the venire dismissed. This motion was not timely. Accordingly, we hold that appellants have failed to preserve any error resulting from the trial court's action on their *Batson* challenge. Appellants' first point of error is overruled.

 In their second point of error, appellants again assert a *Batson*-type complaint, but they base their complaint on alternative grounds. Specifically, they contend that appellees' use of peremptory strikes violated their rights under U.S. Const. amend. VII, XIV and Tex. Const. art. 1, § 15. It is fundamental that in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely objection stating the specific grounds for the ruling desired. *See, e.g.,* TEX.R.APP.P. 52(a). Appellants did not object to appellees' use of peremptory strikes under U.S. Const. amend. VII, XIV and Tex. Const. art. 1, § 15 in their *Batson* motion. Rather, appellants first raised these grounds of objection in their motion for new trial. In view of these facts, we hold that appellants' objections under U.S. Const. amend. VII, XIV and Tex. Const. art. 1, § 15 were not presented to the trial court in a timely manner so as to preserve the complaints for review by this court. Appellants' second point of error is overruled.

 In their third and fourth points of error, appellants contend the trial court erred in refusing to strike the testimony of Bobby J. Stinebaugh, M.D. and Mary Ann McDonald, M.D. for violations of TEX. R.CIV.P. 267 and TEX.R.CIV.EVID. 614. Dr. Stinebaugh, an appellee in this case, and Dr. McDonald were both designated and tendered as mixed fact and expert witnesses prior to trial. Dr. McDonald resides out-of-state and travelled to Houston for the trial. The night before she was called as a witness, Dr. McDonald met with Dr. Stinebaugh and counsel for appellees to discuss the case. The crux of appellants' complaint under these points of error is that this meeting violated TEX.R.CIV.P. 267 and TEX.R.CIV.EVID. 614. We find this argument to be without merit for several reasons.

Initially, we note that appellants' argument is based solely on TEX.R.CIV.P. 267(d) which provides:

> Witnesses, when placed under Rule 614 of the Texas Rules of Civil Evidence, shall be instructed by the court that they are not to converse with each other or with any other person about the case other than the attorneys in the case, except by permission of the court, and that they are not to read any report of or comment upon the testimony in the case while under the rule.

There is no indication in the record that the witnesses in this case were ever "placed under" TEX.R.CIV.EVID. 614. Appellants concede that an invocation of Rule 614 is

"not specifically noted in the record." Notwithstanding this fact, however, they urge this court to reverse based on their uncorroborated "recollection" of what transpired at trial. We decline to base our decision on such conjecture and speculation. Despite appellants' assertions to the contrary, the record is quite clear, and it establishes that neither appellants nor appellees specifically invoked Rule 614 in the court below. Accordingly, the trial court was not required to give the instruction mandated under Rule 267(d), and it did not err in refusing to strike the testimony of Dr. Stinebaugh and Dr. McDonald.

■ Assuming *arguendo* that the meeting between Dr. Stinebaugh and Dr. McDonald violated either TEX.R.CIV.P. 267(d) or TEX.R.CIV.EVID. 614, appellants have nonetheless failed to establish grounds for reversal. It is well settled that where a breach of these rules occurs, it is within the sound discretion of the trial judge to allow testimony from the offending witness. *See, e.g., Gaines v. Frawley*, 739 S.W.2d 950, 955 (Tex.App.—Fort Worth 1987, no writ). In reviewing the issue, this court may not substitute its judgment for that of the trial court, and we will reverse only where we find the ruling to be so arbitrary and unreasonable as to constitute a manifest abuse of discretion. *See, e.g., id.* In this case, appellants have made no effort to establish an abuse of discretion, and we find none to exist. Appellants' second and third points of error are overruled.

The judgment of the trial court is affirmed.