**Flora JONES, et al., Appellants,**

v.

**MARTIN K. EBY CONSTRUCTION COMPANY, INC. and the City of Dallas, Appellees.**

**No. 05–91–01215–CV.**

Court of Appeals of Texas, Dallas.

Sept. 15, 1992.

Rehearing Denied Nov. 18, 1992.

---

Ronald L. Wilkinson, David Rodriguez Weiner, Dallas, for appellants.

T.B. Nicholas, Dallas, for appellees.

Before BAKER, MALONEY and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

This is a civil *Batson*[1] case. Appellants contend that Martin K. Eby Construction Company, Inc. and the City of Dallas used their peremptory jury strikes in a racially discriminatory manner. Eby Construction and the City assert that appellants did not preserve this claim for appellate review. We hold that appellants waived their *Batson* claim. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a negligence action involving property damage. Appellants sued Eby Construction and the City of Dallas for damage to their homes allegedly caused by blasting operations that occurred over a three month period. The jury found in favor of Eby Construction and the City. The trial court entered a judgment on the verdict on May 23, 1991.

On June 3, 1991, the United States Supreme Court decided *Edmonson v. Leesville Concrete Co., Inc.*, —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The Court held that a private litigant in a civil case may not use peremptory challenges to exclude jurors on the basis of race. *Id.*, —— U.S. at ——, 111 S.Ct. at 2080. The Court reasoned that the use of race-based peremptory challenges violates the equal protection rights of those excluded from jury service in civil cases, just as it does in criminal cases. *Id.*, —— U.S. at ——, 111 S.Ct. at 2081–82; *see also Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).

Appellants filed a motion for new trial on June 20, 1991. Appellants argued, for the first time, that Eby Construction and the City of Dallas exercised their peremptory challenges in a racially discriminatory manner. The trial court held an evidentiary hearing on the motion.

Counsel for appellants, William Jones and William Clay, testified at the hearing on the motion for new trial. Both Jones and Clay were present during jury selection and participated in the voir dire examination of the jury panel. Jones testified that of the 132 plaintiffs in this case, all but two or three are black. Counsel for Eby Construction and the City did not question any of the black jurors individually, with one inconsequential exception. Nevertheless, Eby Construction and the City used eight of their twelve peremptory challenges to strike black members of the jury panel. The use of these peremptory challenges, when combined with the challenges for cause, completely eliminated all minorities from the jury.

Counsel for Eby Construction denied that peremptory challenges were exercised based on race. Specifically, he argued that potential jurors were struck because of their disposition toward awarding exemplary damages, their addresses, and their occupations. Counsel did not show how these reasons applied to any specific juror excluded from service. Appellants, however, offered no additional evidence to show

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

that the reasons or explanations offered by opposing counsel were merely a sham or pretext. The motion for new trial was overruled by operation of law.

## ISSUE ON APPEAL

The threshold issue on appeal is whether appellants properly preserved their civil *Batson* claim. Appellants contend that they were not required to object to the discriminatory use of peremptory challenges before the jury was impanelled because the controlling law at the time of trial did not allow such an objection. Appellants argue that they preserved their claim for appellate review by raising it for the first time in their motion for new trial.

Eby Construction and the City of Dallas argue that appellants waived any error in the jury selection process. They contend that since *Batson* was decided in 1986, the courts and legislature have consistently required that objections to the use of peremptory challenges be made prior to the time the jury is sworn. Eby Construction and the City assert that appellants did not preserve error because they did not follow this established procedural requirement.

## PRESERVATION OF ERROR

### 1. General Rule

■ It is well settled that in order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion. TEX. R.APP.P. 52(a). There are several reasons for this rule. First, fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond or cure them. Second, reversing a case for error not raised in a timely fashion permits the losing party to second guess its tactical decisions after they do not produce the desired result. Finally, judicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal. *See generally Young v. State*, 826

S.W.2d 141, 149 (Tex.Crim.App.1991) (Campbell, J., dissenting).

### 2. Exception to Waiver Rule

■ Generally, appellate courts will not consider any error which could have been brought to the court's attention during trial. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991). Courts have declined to apply this rule where the right to assert a constitutional violation was not recognized at the time of trial. *Ex parte Chambers*, 688 S.W.2d 483, 486 (Tex.Crim.App.1984) (Campbell, J., concurring), *cert. denied*, 474 U.S. 864, 106 S.Ct. 181, 88 L.Ed.2d 150 (1985). *See e.g., Ex parte Bravo*, 702 S.W.2d 189 (Tex.Crim.App.1982). *But see Ex parte Crispen*, 777 S.W.2d 103, 105–06 (Tex.Crim.App.1989); *Mathews v. State*, 768 S.W.2d 731, 733 (Tex.Crim.App.1989).[2] This limited exception to the waiver rule excuses the failure to make a contemporaneous objection when (1) the claim was so novel that the basis of the claim was not reasonably available at the time of trial, or (2) the law was so well settled at the time that an objection would have been futile. *Black v. State*, 816 S.W.2d 350, 368 (Tex. Crim.App.1991) (Campbell, J., concurring); *see also Chitwood v. State*, 703 S.W.2d 360, 361–62 (Tex.App.—Dallas 1986, pet. ref'd).

### 3. Batson Cases

The procedural requirements necessary to preserve a *Batson* complaint for appellate review vary depending on the time the case was tried. In cases pending on review or not yet final when *Batson* was decided, a party was required only to present the issue to the trial court. *See Henry v. State*, 729 S.W.2d 732, 736 (Tex.Crim.App. 1987). A party preserved error even if the claim was raised for the first time in a motion for new trial. *Brooks v. State*, 802 S.W.2d 692, 693 (Tex.Crim.App.1991); *see also Speaker v. State*, 740 S.W.2d 486, 488 (Tex.App.—Houston [1st Dist.] 1987, no pet.). *But cf. Mathews*, 768 S.W.2d at 733 (*Batson* complaint could not be raised for the first time on appeal).

---

**2.** Although the "right not recognized" exception has thus far been limited to criminal cases, it is equally applicable to civil cases where constitutional rights are implicated.

■ After the *Batson* decision, the Texas legislature enacted article 35.261 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). The purpose of this statute was "to create uniform procedures and remedies to address claimed constitutional violations during jury selection." [3] *State v. Oliver*, 808 S.W.2d 492, 496 (Tex.Cri,.App.1991). Article 35.261 provides that . *Batson* objection must be made "[a]fter the parties have delivered their lists to the clerk ... and before the court has impanelled the jury ..." TEX.CODE CRIM.PROC.ANN. art. 35.-261(a) (Vernon 1989). A jury is impanelled when it is sworn. *Hill v. State*, 827 S.W.2d 860, 864 (Tex.Crim.App.1992). Thus, to preserve a *Batson* issue for appellate review, a party must object before the jury is sworn.

Courts have applied article 35.261 in (1) criminal cases, *Doty v. State*, 820 S.W.2d 918, 921 (Tex.App.—Fort Worth 1991, pet. ref'd); *Nance v. State*, 807 S.W.2d 855, 864–65 (Tex.App.—Corpus Christi 1991, pet. ref'd); (2) juvenile delinquency proceedings, *C__E__J__ v. State*, 788 S.W.2d 849, 852–53 (Tex.App.—Dallas 1990, writ denied); and (3) civil cases, *Pierson v. Noon*, 814 S.W.2d 506, 508 (Tex.App.—Houston [14th Dist.] 1991, writ denied) [4].

### 4. Application of Law to the Facts

■ Appellants contend that they preserved their civil *Batson* claim by presenting the issue to the trial court in a motion for new trial. Appellants argue that because the race-based use of peremptory challenges was not prohibited in civil cases at the time of jury selection in this case, they were not required to object before the jury was sworn. Appellants therefore urge that we use the more lenient standard adopted in the wake of *Batson* but before the enactment of article 35.261 of the Code of Criminal Procedure.

The record in this case reveals that appellants' claim was not so novel, or the law so well settled, as to obviate the necessity of a contemporaneous objection before the jury was impanelled. Indeed, several federal courts had already addressed the issue with conflicting results. *Compare Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2797, 115 L.Ed.2d 970 and *Fludd v. Dykes*, 863 F.2d 822 (11th Cir.1989) (private litigant may not use peremptory challenges to exclude jurors on account of race) *with Dias v. Sky Chefs, Inc.*, 919 F.2d 1370 (9th Cir.1990), *vacated*, —— U.S. ——, 111 S.Ct. 2791, 115 L.Ed.2d 965 (1991), and *Edmonson v. Leesville Concrete Co. Inc.*, 895 F.2d 218 (5th Cir.1990), *rev'd*, —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (private litigants in civil cases can exercise peremptory challenges in a racially discriminatory manner). Moreover, the Supreme Court had granted certiorari in the *Edmonson* case and had heard oral arguments several weeks before the trial in this case began.

The action taken by appellants' counsel also negates any claim that the issue could not have been raised at the time of trial. William Clay testified that his purpose in attending the voir dire examination was to "take detailed notes as to the responses that the panel made to questions asked by the attorneys ... and to identify those members of the panel that were either Hispanic or black." Clay took copious notes concerning the racial composition of the venire, the questions asked of and answers given by each member of the jury panel,

---

**3.** *Henry* is inapplicable to the timeliness of any equal protection claim arising from the racially discriminatory exercise of a peremptory challenge after the effective date of article 35.261. *Hill v. State*, 827 S.W.2d 860, 864 (Tex.Crim.App. 1992).

**4.** Like this case, the *Pierson* trial was conducted before the Supreme Court decided *Edmonson*. In *Pierson*, appellants made a *Batson*-type objection after the jury was sworn and the remainder of the venire dismissed. The court held that the objection was not timely. *Id.* at 508. The court noted that in *Edmonson*, the Supreme Court advised the courts to implement that case by following the " 'same approach' utilized in evaluating a *Batson* challenge in a criminal context." *Id.* The *Pierson* court noted that "to preserve a *Batson* issue for appellate review, a party must lodge his objection regarding the use of peremptory strikes before the jury is sworn and the remainder of the venire is discharged." *Id.*, citing *Henry*, 729 S.W.2d at 737.

and the challenges for cause and peremptory challenges exercised by both parties. His awareness of the *Edmonson* issue is shown by his testimony that:

> In this particular case where we have Plaintiffs that were 99 percent black, it was a concern of mine that blacks may have been challenged solely on that basis, and that's why I identified black jurors and white jurors.

Clay admitted that he was familiar with the *Batson* case at the time of trial.

Given the status of the law when this case went to trial, as well as appellants' knowledge of *Batson* and its progeny, we cannot allow appellants to assert error in the jury selection process for the first time in their motion for new trial. To do so ignores the plethora of authority that developed after *Batson* concerning the timeliness of an objection necessary to preserve such a complaint for appellate review. Moreover, to do so would allow appellants to lie behind the unsettled state of the law in the event they needed two bites at the apple.

We overrule appellants' point of error. The judgment of the trial court is affirmed.