Filmon TAVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00022–CR.

Court of Appeals of Texas,
Tyler.

Dec. 28, 1994.

Rehearing Overruled May 17, 1995.

Sam Griffith, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

HOLCOMB, Justice.

A jury convicted Appellant of aggravated assault and sentenced him to 80 years in prison. Appellant contends that the trial court erred when it did not quash the jury panel after the State used its peremptory strikes in a discriminatory manner, and when it refused to instruct the jury on reckless conduct and assault. Appellant also challenges the sufficiency of the evidence to support his conviction. We will affirm.

Appellant and Virginia Wheeler had previously lived together and were still dating at the time this incident occurred. On May 24, 1992, Ms. Wheeler had returned to her apartment after attending a barbecue. The sequence of events that followed vary between Appellant and Ms. Wheeler. Ms. Wheeler states that she refused Appellant's sexual advances and made Appellant angry. As a result, he began choking her, threatening her life, and hitting her with a baseball bat. She then went to a neighbor's house and called the police. She had cuts on her face, stitches in her mouth, and bruises on her body.

Appellant's version of the facts varied substantially from Ms. Wheeler's testimony. He testified that when he returned from work, he found another man in bed with Ms. Wheeler. He and the other man began to fight and the other man hit Appellant with a baseball bat. Appellant admitted that he may have hit Wheeler while fighting with her boyfriend. He knew that he kicked her when the other man "flipped" him, and his "feet c[a]me up and hit her in the lip."

Two police officers testified that when they arrived at the scene, Ms. Wheeler was "bruised up pretty bad" and that Appellant admitted hitting Ms. Wheeler because she was "prostituting herself." The jury convicted Appellant of aggravated assault and found two enhancement paragraphs to be true. As

a result, he was sentenced to 80 years in prison.

■ In his first point of error, Appellant, who is black, argues that the prosecutor violated *Batson v. Kentucky* when he used the State's peremptory challenges to exclude African–American jurors from the jury panel solely because of their race. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). As a result, he contends that the court erred when it did not quash the jury panel. In *Batson*, the Supreme Court concluded that the deliberate denial of jury participation to a black person for racial purposes violates a defendant's rights under the Equal Protection Clause of the UNITED STATES CONSTITUTION. *Batson*, 476 U.S. at 81, 106 S.Ct. at 1714.

In this case, seven African–American people were within the strike zone on the venire panel. None of the African–Americans were excused by the court for cause. In using its 10 peremptory strikes, the State struck five African–Americans. Two African–Americans remained on the jury. Appellant requested that the court conduct a *Batson* hearing to determine whether the State had used its peremptory strikes in a manner to deprive Appellant of a fair trial. *See* TEX.CODE CRIM PROC. art. 35.261. During this hearing, the State offered evidence to rebut the presumption of racial discrimination and explained its reasons for the exercise of each of its peremptory strikes. The court found that the reasons given by the prosecutor to strike the African–Americans were race-neutral.

■ In reviewing the trial court's decision, we will affirm the trial court's ruling unless it is "clearly erroneous" as set forth in *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). *See Tennard v. State*, 802 S.W.2d 678, 680 (Tex.Cr. App.1990). After a defendant has presented sufficient evidence to support a prima facie *Batson* objection, the court conducts a *Batson* hearing and the burden shifts to the prosecutor to come forward with race-neutral reasons for its strikes. *Keeton v. State*, 749 S.W.2d 861, 865 (Tex.Cr.App.1988); *Silva v. State*, 800 S.W.2d 912, 915 (Tex.App.—San Antonio 1990, no pet.). The prosecutor's explanation for each challenge must be clear,

specific, and legitimate. *Brooks v. State*, 802 S.W.2d 692, 694 (Tex.Cr.App.1990); *Miller–El v. State*, 790 S.W.2d 351, 354 (Tex.App.—Dallas 1990, pet. ref'd).

In this case, the prosecutor testified that veniremembers Herman Warren and Pleze Carpenter were struck because they knew Appellant. Courts have recognized that the use of a peremptory strike when a veniremember knows a defendant is valid. *Keeton*, 749 S.W.2d at 870.

■ The prosecutor asked the venire panel if any of their family members had a criminal history. Veniremember Sherman Rushing admitted that his son had been charged with aggravated assault and veniremember Kaye Buchanan admitted that her brother had been convicted of capital murder. However, Rushing's son had been convicted of murder rather than aggravated assault and was serving a life sentence in prison. Failure to disclose information during voir dire is a race-neutral reason to exclude a potential juror. *Perry v. State*, 770 S.W.2d 950, 952 (Tex.App.—Fort Worth 1989, no pet.). Kaye Buchanan was also properly excluded from the jury panel. Kinship with a person who has been charged or convicted of a crime is also a well recognized race-neutral reason for the use of a peremptory challenge. *Hill v. State*, 827 S.W.2d 860 (Tex.Cr.App. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221.

■ The prosecutor testified that Harold Wilson was struck because a man with the name of Harold Wilson was found in the county computer system as having previously been convicted of a felony. However, the prosecutor admitted that the Harold Wilson who appeared on the county computers had a different birth date and he was not certain that it was the same person who was in the venire panel.

■ The record reflects that the prosecutor offered plausible race-neutral explanations for the peremptory challenges of the African–American veniremembers. However, Appellant appears to argue that the prosecutor failed to adequately prove the State's strikes were race-neutral when he did not

direct meaningful questions to the various veniremembers so that the record would confirm the information on which the prosecutor relied to exclude the African–American veniremembers. We do not agree. After the prosecutor addressed each questionable peremptory strike with a race-neutral explanation for the strike, the defense must prove by a preponderance of the evidence that the State's peremptory challenges were actually used for racially discriminatory purposes. *Salazar v. State,* 795 S.W.2d 187, 192 (Tex. Cr.App.1990). Appellant failed to counter the prosecutor's testimony with evidence that the prosecutor's reasons were not valid.

 By the same token, Appellant argues that, as the appellate court, we must engage in a comparative analysis of the other venirepersons to determine whether disparate treatment between black and white veniremembers occurred at the trial court level. We agree that, as the defendant, his attempt to present testimony in the record that would disclose disparate treatment between black and white veniremembers is significant as a part of our review. *See Whitsey v. State,* 796 S.W.2d 707, 710 (Tex.Cr.App. 1989); *see also, Young v. State,* 826 S.W.2d 141, 145 (Tex.Cr.App.1992). We also agree that a peremptory strike against an African–American venireperson based on a reason equally applicable to other venirepersons who have not been struck is suspect. *Whitsey,* 796 S.W.2d at 708. However, we will not reverse the trial court's decision unless it is clearly erroneous. *Hernandez,* 500 U.S. at 352, 111 S.Ct. at 1859. We cannot minimize the importance of the court's presence at trial. Even the most detailed statement of facts are sometimes lacking when the court makes sensitive judgment calls such as this. The court was present at voir dire and the *Batson* hearing to hear the explanations offered by the State and was able to observe the demeanor of the potential jurors. *See Robinson v. State,* 851 S.W.2d 216 (Tex.Cr. App.1991). The prosecutor testified and gave race-neutral explanations for its peremptory challenges. Appellant did not counter the prosecutor's testimony with evidence that leads us to believe that the State's explanations were a pretext in an attempt to discriminate. *Salazar,* 795 S.W.2d at 192. The

trial court's view of the evidence was plausible in light of the record reviewed in its entirety. *See Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Point one is overruled.

 In his second point, Appellant contends that the court erred when it refused his requests to include the lesser-included offense of assault and reckless conduct in its charge to the jury. He argues that the evidence at trial could have supported, and the jury should have been permitted to consider, whether Appellant was guilty of assault or reckless conduct rather than aggravated assault. We do not agree.

 The trial court is not required to include a lesser-included offense in the charge if the evidence only raised the issue that the accused is guilty of the greater offense, or not guilty at all. *See Rogers v. State,* 687 S.W.2d 337, 344 (Tex.Cr.App.1985). Appellant points to his testimony at trial where he denied hitting Ms. Wheeler with a baseball bat. He explains that the altercation with Ms. Wheeler started when he caught Ms. Wheeler in bed with another man, and the other man attacked Appellant. While Appellant was fighting with the other man, he alleges that he kicked Ms. Wheeler in the mouth and denies that he intentionally hit her with a baseball bat. However, even if the jury had believed Appellant's testimony the evidence presented at trial only raised the issue of Appellant's guilt or innocence of the charge of aggravated assault and the court properly denied Appellant's request to charge the jury on a lesser-included offense. Point two is overruled.

 In points three through seven, Appellant challenges the sufficiency of the evidence to support his conviction. The critical inquiry we use to determine a sufficiency question on appeal is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard places full responsibility on the trier of fact to weigh the evidence, to resolve conflicts in the testimony, and to draw reasonable inferences from basic to ultimate facts. *Id.* If there is evidence to establish the

defendant's guilt beyond a reasonable doubt, and the jury believes the evidence, the appellate court cannot reverse the judgment on an evidence point. *See Soto v. State*, 864 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1993, pet ref'd).

██ In this case, there is ample evidence that a rational trier of fact could have found Appellant guilty of aggravated assault. According to Ms. Wheeler's testimony, Appellant accused her of being with another man and got mad at her because she refused Appellant's sexual advances. Appellant then choked her, hit her with a baseball bat, and threatened her life. Ms. Wheeler's lip was split, she had bruises "all over her body," and she received medical treatment at the hospital for her injuries.

Gerrod Wheeler, Ms. Wheeler's nine year old nephew, testified that he was asleep on the couch when the incident occurred to his aunt. He confirmed that he saw Appellant with a baseball bat, but that he never saw Appellant hit his aunt with it.

Police officer Susan Reeves testified that when she responded to the complaint, she saw Ms. Wheeler and she was "bruised up pretty bad." When Reeves talked to Appellant, he admitted that he had hit Ms. Wheeler because she had been "prostituting herself." Officer Allen Crosby testified that a wooden baseball bat is capable of causing death or serious injury to the body. He also confirmed that Appellant admitted that he had hit Ms. Wheeler with a bat because she was "prostituting herself."

Although Appellant testified to a different version of the facts, the jury can choose to believe or disbelieve witnesses, or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Cr.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). After considering the evidence, we conclude that the jury could have found beyond a reasonable doubt that Appellant was guilty of aggravated assault. Points three through seven are overruled.

The trial court's judgment is **affirmed.**