Terence Lardrell Wallace v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-022-CR

     TERENCE LARDRELL WALLACE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 363rd District Court
Dallas County, Texas
Trial Court # F99-02403-LW
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Wallace appeals from his conviction for insurance fraud, for which he was
sentenced to 20 months in a State jail facility, and assessed an $800 fine.
      Appellant was involved in a traffic accident on October 3, 1999, in which his car was
damaged. He had no insurance. On October 13, 1999, appellant purchased an insurance
policy for the car. In an attempt to get coverage for the needed repairs (about $3900),
appellant reported the accident to the insurance company as occurring on October 14, 1999. 
The company investigated the claim and denied same when they learned the above facts. 
Appellant was subsequently indicted for and convicted of insurance fraud. At punishment
phase, two prior convictions were proven by the State.
      Appellant appeals on one issue: “The trial court erred in denying appellant’s Batson
motion.”
      Prior to the jury being seated, appellant complained that the prosecutor improperly
exercised peremptory challenges against three African-American panelists: No. 11, Beverly
Webb, No. 22, Jarvis Robinson, and No. 31, Jahnatta Dismuke.
      The court asked the State if they had a response. The prosecution responded: “Yes, we
did strike all the jurors with either a family member or friend with a criminal history.” Ms.
Webb is Juror 11. She said that her best friend had just gotten out of the penitentiary for a
drug offense. Furthermore, the juror records indicated that she had a prior not guilty jury
service. Juror 22 is Jarvis Robinson. He said he had a cousin who murdered a police officer,
and the computer shows that he has a conviction for unlawfully carrying a weapon in 1996. 
Juror 31 is Ms. Dismuke. She has a nephew who was convicted of a drug offense in Dallas
County. We also struck Juror 38 for that reason. The court asked if Juror 38 was black or
white. The prosecutor responded, “white.”
      In response to the prosecutor’s explanations, defense counsel offered the rebuttal argument
that each of the panelists stated that they could be fair, and additionally, in the case of
Robinson, that he did not know much about the conviction, and was not personally involved in
it.
      The trial court overruled the defense Batson motion and ruled that the State’s strikes were
not based on race but were based on race neutral reasons.
      It is constitutionally impermissible to exercise a peremptory strike on the basis of race. 
Batson v. Kentucky, 476 U.S. 79 (1986). To raise a Batson challenge, the opponent of the
strike must make a prima facie showing of the State’s discriminatory use of the strike. Purkett
v. Elem, 115 S.Ct. 1769, 1790 (1995); Emerson v. State, 851 S.W.2d 269, 273 (Tex. Crim.
App. 1993). Once the opponent makes a prima facie showing, the proponent of the strike has
the burden to produce a race-neutral explanation for the strike. Poindexter v. State, 942
S.W.2d 577, 581 (Tex. Crim. App. 1996); Purkett, supra p. 1770-91. If a race-neutral
explanation is given, the opponent of the strike must prove purposeful racial discrimination. 
Id.
      A race-neutral reason means an explanation other than race. Hernandez v. New York, 500 
U.S. 352, 374 (1991). When the State’s explanation is race-neutral on its face, the burden of
persuasion shifts back to the accused to establish by a preponderance of the evidence that the
reasons given by the State were merely a pretext for the State’s racially motivated use of its
peremptory strike. Salazar v. State, 818 S.W.2d 405, 409 (Tex. Crim. App. 1991); Williams
v. State, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991), cert denied, 111 S.Ct. 2075. At a
minimum, this requires some effort be exerted by the accused to rebut the explanation by the
State. Calderon v. State, 847 S.W.2d 377, 382 (Tex. App.—El Paso 1993, writ ref’d).
      The explanation that a prosecutor struck a potential juror because he had a relative or
friend in prison is race neutral. Chambers v. State, 866 S.W.2d 9, 25 (Tex. Crim. App.
1993); Shavers v. State, 881 S.W.2d 67, 76 (Tex. App.—Dallas 1994, no pet.); Rodgers v.
State, 725 S.W.2d 477, 480-81 (Tex. App.—Houston 1987, pet. ref’d); Tave v. State, 899
S.W.2d 1, 3 (Tex. App.—Tyler 1994, pet. ref’d).
      And the fact that a juror could ultimately be fair and impartial does not render the State’s
reason a pretext for discrimination. Tate v. State, 939 S.W.2d 738, 746-47 (Tex.
App.—Houston [14th Dist.] 1997, pet. ref’d). The State may exercise a peremptory challenge
for any reason as long as it is not discriminatory. Id.
      A reviewing court must consider the evidence in the light most favorable to the trial
court’s ruling. Salazar, p. 408.
      Here, the State established a racially neutral explanation of its challenges as to Jurors
Webb, Robinson and Dismuke.
      Appellant did not rebut the explanation given by the State and has failed to demonstrate
that the trial court’s ruling was clearly erroneous. Vargas v. State, 838 S.W.2d 552, 553
(Tex. Crim. App. 1997). Unless we are left with a firm conviction that a mistake has been
made, the trial court’s ruling should not be disturbed. Vargas, p. 554. We do not believe the
trial court’s ruling to be erroneous.
      The record supports the State’s explanations for its peremptory strikes. The reasons given
were racially-neutral, logically related to the case, and directly based on the responses of the
potential jurors. Appellant therefore had to prove purposeful discrimination which he failed to
do.
      Appellant’s issue and the contentions made thereunder are overruled.
 

      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 13, 2000
Do not publish