11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Joyce and Bruce Parker 
            Appellants
Vs.            No. 11-04-00085-CV -- Appeal from Howard County
Texas Boll Weevil Eradication Foundation, Inc. 
            Appellee
 
            Joyce and Bruce Parker brought this personal injury action against the Texas Boll Weevil
Eradication Foundation, Inc.; Three Rivers Flying Service Co., Inc.; and Harold Griffith Flying
Service, Inc. The Foundation filed a motion to dismiss for lack of jurisdiction, arguing that it was
entitled to sovereign immunity under TEX. AGRIC. CODE ANN. § 74.129 (Vernon 2004). The trial
court granted the Foundation’s motion and entered an order dismissing the Parkers’ claims against
the Foundation without prejudice. The Parkers filed this accelerated appeal from the trial court’s
order. We affirm. 
Background
            The Texas Legislature has recognized that the insects known as the boll weevil and the boll
worm are menaces to the Texas cotton industry and that their eradication is a matter of public
necessity. See TEX. AGRIC. CODE ANN. § 74.101 (Vernon 2004). The legislature has designated
the Foundation, a nonprofit corporation, as the entity to plan, carry out, and operate eradication
programs to eliminate these insects. See TEX. AGRIC. CODE ANN. § 74.1011 (Vernon 2004). In
an effort to eradicate these insects, the Foundation employs aerial sprayers, such as Three Rivers and
Harold Griffith, to disperse insecticides on cotton crops. The Foundation entered into contracts with
Three Rivers and Harold Griffith for the aerial application of insecticides. The contracts provided
that Three Rivers and Harold Griffith were independent contractors of the Foundation. The Parkers
agree that Three Rivers and Harold Griffith were independent contractors. Under the terms of the
contracts, the Foundation agreed to pay Three Rivers and Harold Griffith based on an hourly rate for
their services. 
            In this action, the Parkers alleged the following: (1) that the Foundation, Three Rivers, and
Harold Griffith were negligent in connection with aerial pesticide applications; (2) that Joyce Parker
was exposed to malathion – a hazardous chemical – as a result of the negligence; and (3) that Joyce
Parker suffered personal injuries as a result of the exposure. The Foundation relied on Section
74.129 of the Texas Agriculture Code in its motion to dismiss for lack of jurisdiction. Section
74.129 provides in part as follows:
            The legislature recognizes that the foundation, acting under the supervision
and control of the commissioner, is carrying out an important governmental function
and that therefore the foundation, as a quasi-governmental entity, must be immune
from lawsuits and liability except to the extent provided in Chapter 101, Civil
Practice and Remedies Code, and as provided by this section. Therefore, no claims
may be brought or continued against the foundation except: (1) claims allowed by
Chapter 101, Civil Practice and Remedies Code; and (2) claims pending against the
foundation on April 30, 1997, plus attorney’s fees and costs of court.
 
The Parkers filed this accelerated appeal from the trial court’s order granting the Foundation’s
motion to dismiss for lack of jurisdiction and dismissing the Parkers’ claims against the Foundation
without prejudice.
Issues Presented
            The Parkers present two issues for review. In their first issue, they argue that the trial court
erred in granting the Foundation’s motion to dismiss for lack of jurisdiction because Section 74.129
of the Texas Agriculture Code is unconstitutional. Specifically, they assert that Section 74.129 is
an unconstitutionally broad delegation of authority to a private entity – the Foundation. In their
second issue, they argue that, even if Section 74.129 is constitutional, the Foundation waived
sovereign immunity under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. 
§101.021 (Vernon 1997), by entering into a joint enterprise with Three Rivers and Harold Griffith. 
Constitutional Challenge
            The Parkers raised one constitutional challenge in the trial court. In their response to the
Foundation’s motion to dismiss, the Parkers claimed that Section 74.129 of the Agriculture Code
was unconstitutional insofar as it capped damages under the limitation-of-damages provision in the
Tort Claims Act. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.023 (Vernon Pamph. Supp.
2004 - 2005). On appeal, the Parkers argue that, because Section 74.129 of the Agriculture Code
is unconstitutional, the Foundation has no immunity. The Parkers did not raise this constitutional
challenge in the trial court. 
            As a prerequisite to presenting a complaint for review, the record must show that the com-plaint was made to the trial court by a timely request, objection, or motion. TEX.R.APP.P.
33.1(a)(1). As a general rule, a constitutional claim must have been asserted in the trial court in
order to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697 (Tex.1993); In the interest of U.P.,
105 S.W.3d 222, 237 (Tex.App. - Houston [14th Dist.] 2003, pet’n den’d). There are two exceptions
to the general rule: (1) a constitutional challenge may be presented for the first time on appeal if the
challenge presents a fundamental error and (2) a constitutional violation may be raised for the first
time on appeal if the constitutional violation was not recognized before the case was appealed (the
“right not recognized” rule). See General Motors Acceptance Corporation v. Harris County
Municipal Utility District # 130, 899 S.W.2d 821 (Tex.App. - Houston [14th Dist.] 1995, no writ);
Jones v. Martin K. Eby Construction Company, Inc., 841 S.W.2d 426, 428 (Tex.App. - Dallas 1992,
writ den’d); Pedraza v. Tibbs, 826 S.W.2d 695, 698 (Tex.App. - Houston [1st. Dist.] 1992, writ
dism’d w.o.j.). 
            A fundamental error only occurs “in those rare instances in which the record shows the court
lacked jurisdiction or that the public interest is directly and adversely affected as that interest is
declared in the statutes or the Constitution of Texas.” Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.
1982). In this case, the Parkers have not asserted a jurisdictional claim. This case does not involve
an issue of the public’s interest being directly and adversely affected as the interest is declared in the
statutes or the constitution. Thus, neither of the “rare instances” is present in this case. 
            Under the “right not recognized” rule, the failure to present a constitutional challenge to the
trial court is excused when (1) the claim was so novel that the basis of the claim was not reasonably
available or (2) the law was so well settled that an objection would have been futile. Jones v. Martin
K. Eby Construction Company, Inc., supra at 428. The record does not demonstrate (1) that the
Parkers claim was so novel that the basis of their claim was not reasonably available before the case
was appealed or (2) that the law was so well settled that raising their claim in the trial court would
have been futile. Neither of the circumstances of the “right not recognized” rule is present in this
case. 
            The Parkers’ waived their constitutional claim by failing to raise it in the trial court. The
Parkers first issue is overruled.
Sovereign Immunity Issue
            The Parkers contend that the Foundation waived sovereign immunity under Section 101.021
of the Tort Claims Act by entering into joint enterprise relationships with Three Rivers and Harold
Griffith. Therefore, they argue that the trial court erred in granting the Foundation’s motion to
dismiss for lack of jurisdiction, otherwise referred to as a plea to the jurisdiction. 
            A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action
without regard to whether the claims asserted have merit. Bland Independent School District v. Blue,
34 S.W.3d 547, 554 (Tex.2000). Through the plea, a party challenges the trial court’s authority to
determine the subject matter of the pleaded cause of action. Cervantes v. Tyson Foods, Inc., 130
S.W.3d 152, 153 (Tex.App. - El Paso 2003, pet’n den’d). The plaintiff has the burden to allege facts
affirmatively showing that the trial court has subject matter jurisdiction to hear the case. Texas Asso-ciation of Business v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex.1993). The plaintiff’s
jurisdictional pleadings are to be construed in favor of the plaintiff. Texas Association of Business
v. Texas Air Control Board, supra. In deciding a plea to the jurisdiction, a court considers the
plaintiff’s pleadings and the evidence offered by the parties relevant to the jurisdictional issue. Texas
Natural Resource Conservation Commission v. White, 46 S.W.3d 864, 868 (Tex.2001); Bland
Independent School District v. Blue, supra at 554-55. 
            Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo
review. Texas Natural Resource Conservation Commission v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002). Accordingly, we review de novo a trial court’s ruling on a jurisdictional plea based on
sovereign immunity. Texas Natural Resource Conservation Commission v. IT-Davy, supra.
            A governmental unit that enters into a joint enterprise can be liable under the waiver of
sovereign immunity found in Section 101.021(2) of the Tort Claims Act. Texas Department of
Transportation v. Able, 35 S.W.3d 608, 609-10 (Tex.2000). The elements of a joint enterprise are
(1) an agreement, express or implied, among the members of the group; (2) a common purpose to
be carried out by the group; (3) a community of pecuniary interest in that purpose, among the
members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal
right of control. Texas Department of Transportation v. Able, supra at 613; Texas Department of
Transportation v. City of Floresville Electric Power & Light System, 53 S.W.3d 447, 456 (Tex.App.
- San Antonio 2001, no pet’n).
            The Parkers rely on Able in arguing that the Foundation waived sovereign immunity. In
Able, the court held that the Texas Department of Transportation (TxDOT) had waived sovereign
immunity by entering into a joint enterprise with another governmental unit, the Houston
Metropolitan Transfer Authority (Metro). Texas Department of Transportation v. Able, supra. The
Foundation argues that it did not enter into a joint enterprise with Three Rivers and Harold Griffith
because, among other things, there was no community of pecuniary interest in a common purpose. 
            Three Rivers and Harold Griffith were independent contractors under the contracts in
question. Their independent contractor status supports the conclusion that a community of pecuniary
interest in a common purpose did not exist. In City of Floresville Electric Power & Light System,
the court addressed similar facts. In that case, TxDOT had hired an independent contractor, Payne
Electronic Service Company (PES), to perform maintenance on traffic signal poles. The court held
that a community of pecuniary interest did not exist between TxDOT and PES. The court
distinguished the Able decision:
            In Able, the Texas Supreme Court relied upon evidence that the state highway
had been a joint effort between Metro and TxDOT using federal, state, and local
funds. The project involved substantial sums of money and contemplated a sharing
of resources in order to make better use of the money. The evidence demonstrated
a substantial economic gain from the pooling of resources through monetary and
personnel savings.
 
            In the instant case, TxDOT hired PES to perform maintenance on its traffic
signal poles. PES was paid by the number of poles it completed. There was no
pooling of resources or pooling of efforts. TxDOT simply hired PES to perform
work as an independent contractor. Therefore, there was no community of pecuniary
interest such as to give rise to a joint enterprise. (Citations omitted)
 
Texas Department of Transportation v. City of Floresville Electric Power & Light System, supra at
457.
            In this case, the Foundation hired Three Rivers and Harold Griffith to perform aerial
insecticide applications. Three Rivers and Harold Griffith were paid based on an hourly rate for their
services. The Foundation did not pool resources or efforts with Three Rivers and Harold Griffith.
The Foundation simply hired Three Rivers and Harold Griffith to perform work as independent
contractors. Therefore, there was no community of pecuniary interest so as to give rise to a joint
enterprise. See Texas Department of Transportation v. City of Floresville Electric Power & Light
System, supra. The Foundation did not waive sovereign immunity under the Texas Tort Claims Act.
            The trial court did not err in dismissing the Parkers’ claims against the Foundation for lack
of jurisdiction. The Parkers’ second issue is overruled.
This Court’s Ruling
            The trial court’s order dismissing the Parkers’ claims against the Foundation for lack of
jurisdiction is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
February 10, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.