# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00337-CR

**Sara Hardin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-99-0501-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

Sara Hardin appeals from her conviction for possession with intent to deliver between four and two hundred grams of cocaine. Texas Health & Safety Code Ann. § 481.112 (d) (West Supp. 2001). After a jury found appellant guilty, the court sentenced her to twenty-five years confinement. In one point of error, appellant contends that the court erred in admitting evidence of statements that she made during plea discussions. We will affirm the conviction.

Appellant testified in her own defense. During the State's cross-examination, she testified that she did not know where her co-defendant, Willie Lloyd,[1] obtained the crack cocaine which was seized. In rebuttal, the State elicited testimony from San Angelo police detective Greg Keeling about a meeting he attended in January 2000 along with an assistant district attorney and another San Angelo detective, at which appellant said that she and her co-defendant had traveled to Austin and made arrangements for the cocaine to be brought back to San Angelo. Appellant

---

[1] Willie Lloyd was tried separately.

objected that the information the State received from Keeling was not admissible because it had been obtained during plea negotiations. The court overruled the objection.

In general, statements made during unsuccessful plea discussions cannot be admitted in evidence against the defendant who made them:

> Except as otherwise provided in this rule, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions
>
> . . . .
>
> any statement made in the course of plea discussions with an attorney for the prosecuting authority . . . that do not result in a plea of guilty . . . or that result in a plea later withdrawn . . . .

Tex. R. Evid. 410(4).

The State argues that it did not admit evidence that the information was obtained during plea negotiations; it used only the substance of the information for impeachment. The State relies on *Dennis v. State*, 925 S.W.2d 32, 41 (Tex. App.—Tyler 1995, pet. ref'd). In *Dennis*, the State impeached the defendant with statements that he had made during a guilty plea in federal court. Dennis complained that admission of the evidence violated Rule 410. The court noted that although Dennis had not been sentenced in the federal proceeding, at the time of the state proceeding there was no evidence that he had ever withdrawn his federal plea. *Id*. The court further stated that the jury only knew that the defendant made the statements under oath, to a United States attorney, but did not know the statement was made as part of a guilty plea. *Id*. The court held there was no error in allowing the impeachment in the form and context in which the

2

questions were asked. *Id.* at 40-41. Given that *Dennis* is distinguishable because it did not involve an unsuccessful plea, we assume the State is relying on the language that the jury did not know the information came during plea negotiations as authorizing the admission in this case.

Appellant contends that the only exception to Rule 410 arises if the defendant introduces a part of the plea discussion and introduction of other parts is necessary to prevent the jury from getting a distorted view of the discussion. He contends no exception exists allowing use of the evidence for impeachment. This view comports with that of several cases.

*Taylor v. State*, 19 S.W.3d 858, 862 (Tex. App.–Eastland 2000, pet. ref'd) involved an interpretation of Rule 410. The prosecutor impeached the defendant with a statement that had been made to the prosecutor during plea negotiations. *Id.* at 862-63. The prosecutor's question did not reveal that the statement was made during plea negotiations; only the substance of the information was used to impeach. *Id.* at 863. The court noted that rule 410 prohibits evidence of plea discussions and related statements, unless parts of the plea discussions already had been introduced. The court noted that there were no such discussions already in evidence at the time the prosecutor used what had been said during the plea negotiations, which was "clearly error." *Id.* The court then went on to perform a reversible error analysis under Tex. R. App. P. 44.2(b). The court in *Taylor* cited *Abdel-Sater v. State*, 852 S.W.2d 671 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd) and *Neugebauer v. State*, 974 S.W.2d 274 (Tex. App.–Amarillo 1998, pet. ref'd) for the proposition that statements made in the course of plea discussions are generally not admissible unless another statement made in the course of plea discussions has been admitted. *Id.* at 863-64.

We need not decide the parameters of Rule 410 in this case. Even assuming the admission was erroneous, error, if any, in admitting the statement was harmless. Tex. R. App. P. 44.2(b). The evidence at trial showed that appellant and Lloyd had been under surveillance for several days. They were stopped and arrested while driving from a local park, a known place for drug sales, back to the motel room where the cocaine was seized. They were driving a rental car. The rental agreement showed that appellant was listed as an alternate driver. Officers observed her driving the car alone and entering the motel room alone. The room was registered in her name. When arrested, appellant was a passenger in the car and was holding a cigarette purse containing the motel room key. A lockbox containing cocaine was in the motel room. The key to the box was on the automobile keyring. Officers searching the car found a lockbox with $3700 in it, separated into three $1000 bundles with $700 left over. There was testimony that drug dealers often bundled their money in $1000 units. Taped to the bottom of that lockbox was a medallion; "Sara H." was written across the tape. Perhaps most damaging, appellant wrote two letters, one to her counsel and one to her co-defendant's counsel, in which she claimed sole responsibility for the drugs. The amount of cocaine found, apparently one of the largest amounts in San Angelo's history, had a street value of approximately $39,000 dollars. Against that context, the testimony that she drove with her co-defendant to Austin to make arrangements for transporting the cocaine is not particularly significant or inflammatory. The fact that appellant was seen driving the car alone and entering the motel room alone could have led to the inference that she was traveling back and forth, re-supplying Lloyd while he was selling cocaine in the park. The amount of cocaine found, the fact that she admitted to being a drug user, and the evidence

4

about her exercise of some degree of control over the premises and the car, could have caused the jury to disbelieve the idea that she was unaware of the cocaine.  Appellant has not presented any error requiring reversal.  Tex. R. App. P. 44.2(b).  We overrule appellant's single point of error and affirm the judgment of conviction.


_____

Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   April 5, 2001

Do Not Publish