# NO. 12-12-00286-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BRIAN FREDZELL PRINGLE,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The State appeals from a trial court order excluding the video portion of a recorded interview of Appellee, Brian Fredzell Pringle. The trial court excluded the video, but not the audio, of the interview because Appellee was in custody and dressed in jail clothing during the interview. We affirm.

### Background

A small child who had been in Appellee's care was seriously injured in September 2011. Appellee was questioned by a detective about the incident for approximately two hours. The interview was video recorded by the police. At the time of the questioning, Appellee was in jail on an unrelated civil commitment for failure to pay child support, and he was wearing jail clothing. Specifically, he was wearing a tan jumpsuit with "SMITH COUNTY JAIL" printed on the back. He was also wearing a plastic jail-issued identification bracelet.

After the interview, Appellee was indicted for the felony offense of injury to a child. The grand jury alleged that he caused serious bodily injury to a young child by shaking her, throwing her, inflicting violent force, and striking her against an object.

Appellee moved to suppress the video portion of the interview contending the images of him in jail-issued clothing affected the presumption of innocence. The trial court allowed the State to publish some of the audio portion of the recording of the interview to the jury but excluded the video portion. The audio portion of the interview was improperly redacted, and the jury heard references to a polygraph examination, which the State had agreed to remove from the recording. The trial court granted Appellee's motion for a mistrial, and the State appealed the trial court's evidentiary ruling.

## MOTION TO SUPPRESS

In one issue, the State argues that the trial court erred in suppressing the video portion of Appellee's statement to the police. Specifically, the State argues that it was not clear that Appellee was in custody in the video, that the evidence was not unfairly prejudicial, and that Texas law requires that the video be admitted because Appellee voluntarily participated in the interview.

### Standard of Review

Generally, we review a trial court's ruling on a motion to suppress for abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). The reviewing court applies a bifurcated standard of review of a motion to suppress. *Hubert v. State*, 312 S.W.3d 555, 559 (Tex. Crim. App. 2010). The trial court is given almost complete deference in its determination of historical facts, but the appellate court reviews de novo a trial court's application of law to the facts. *Id*. That is to say, an appellate court does not engage in a factual review, but must give almost total deference to the trial court's resolution of disputed questions of fact. *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); *see also State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013) ("The winning side is afforded the 'strongest legitimate view of the evidence' as well as all reasonable inferences that can be derived from it.'").

We review a trial court's evidentiary rulings also for an abuse of discretion. *See McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion so long as the decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

2

**Applicable Law–Due Process**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that defendants in criminal cases not be required to appear at their trials in jail clothing. *Estelle v. Williams*, 425 U.S. 501, 503-04, 96 S. Ct. 1691, 1692-94, 48 L. Ed. 2d 126 (1976) (citations omitted); *see also Kimble v. State*, 537 S.W.2d 254, 254-55 (Tex. Crim. App. 1976) (recognizing the then-recent *Estelle v. Williams* case's application to Texas jurisprudence). The Texas Court of Criminal Appeals has held that compelling a defendant to stand trial in jail clothes "would violate the defendant's right to a fair trial and his right to be presumed innocent." *Randle v. State*, 826 S.W.2d 943, 944-45 (Tex. Crim. App. 1992); *see also Brooks v. Texas*, 381 F.2d 619, 624 (5th Cir. 1967) ("It is inherently unfair to try a defendant for crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument."). The court in the *Randle* opinion further noted that "[t]he Fourteenth Amendment to the U.S. Constitution protects an accused's right to a fair trial and the presumption of innocence is a basic component of the right to a fair trial." *Randle*, 826 S.W.2d at 945.

**Applicable Law–Relevancy and Admissibility of Evidence**

Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." TEX. R. EVID. 401. Relevant evidence is admissible, "except as otherwise provided by Constitution, by statute, by [the rules of evidence], or by other rules prescribed pursuant to statutory authority." TEX. R. EVID. 402. One such rule is rule of evidence 403, which requires that relevant evidence be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

**Analysis**

The State argues that it is not clear in the video that Appellee was wearing jail clothing and, even if it were clear, that the probative value of the video portion of the evidence was much higher than the potential for prejudice. In support of its argument that the jury would not know that Appellee was in custody, the State has attached to its brief three "photos," which are images or frames from the video. Those photos show, or rather fail to show, the words on the back of the shirt are

3

legible.   The State argues that the jurors could not read the words.   We disagree.

The trial court found that "the words 'Smith County Jail' are visible on the back of [Appellee's] jumpsuit."   Although this finding may be entitled to less deference than most trial court factual findings,[1] the trial court's conclusion is a reasonable interpretation of the evidence.   In the video, Appellee is wearing an ill-fitting, monochrome jail uniform with the words "Smith County Jail" stenciled on the back and a plastic identification bracelet.   The words "Smith County Jail" are not clearly legible in the static images from the video.    But the words can be made out in the moving pictures.   And after watching the video, especially in the context of the clothing, the bracelet, and the venue, it is simply not reasonable to conclude that a juror would not discern that Appellee was in custody.   Appellee was in custody when the video was recorded, and the trial court's conclusion that the video showed he was in custody is supported by the evidence.

The court of criminal appeals has held that "where the [s]tate chooses to introduce into evidence before the jury a videotaped statement made by an accused, and the statement is used during the first stage of trial, before a verdict as to guilt or innocence is reached by the jury, the [s]tate must observe the rule guarding the presumption as in other cases where the physical presence of the accused in view of the jury must be unfettered or unrestrained."   *Lucas v. State*, 791 S.W.2d 35, 55 (Tex. Crim. App. 1989).   The State cites the *Lucas* decision but focuses on the conclusion that there was not harm to the defendant.   *Id*. at 56-57.   This elides the fact that the court held it "must find error in the admission of the videotape."   *Id*. at 55.[2]   There is also an important distinction that differentiates this case from many other cases, including the *Lucas* decision.   As the State points out, most jurors are aware that the person who is on trial has been arrested for the charged offense. Indeed, in *Hutchinson v. State*, No. 01-98-01259-CR, 1999 Tex. App. LEXIS 8099 (Tex. App– Houston [1st Dist.] 1999, pet. ref'd) (not designated for publication), the court noted that "[j]urors should not have been surprised to learn that, at some time before trial, appellant had been jailed." *Id*. at *2-3.   This does not mean that it is relevant that a defendant had been arrested for the charged offense, only that the fact of an arrest was not overly prejudicial.   In the *Hutchinson* case, there was "no evidence the jury was allowed to consider [that] showed he was then jailed for an extraneous

---

[1] We review do novo "indisputable visual evidence" contained in a videotape.   *See State v. Duran*, 396 S.W.3d 563 (Tex. Crim. App. 2013).   In this case, we are reviewing the same video that the trial court reviewed.

[2] In making the ruling, the trial court judge stated succinctly her position on harmless error: "Don't make it in the first place."

offense . . . ." *Id*. at *3. In a similar decision, this court did not reverse the conviction in ***Dennis v. State***, 925 S.W.2d 32 (Tex. App.–Tyler 1995, pet. ref'd), when a video recording was introduced that showed the routine handcuffing of the defendant on the roadside. *Id*. at 41. This court did not reach the question of error because the handcuffing was incidental to the arrest and harmless.

In this case, by contrast, Appellee had not been arrested for the charged offense. Accordingly, showing the video to the jury would not only show him to be in custody, which would violate the principle enunciated in ***Lucas***, but it would invite the jury to conclude that he had committed some other misconduct that caused him to be in custody.[3]

The trial court's ruling excluding the video portion of the recording was based both on constitutional grounds, the impermissible depiction of Appellee in jail clothing, and on the basis that the evidence was more prejudicial than probative, a Rule 403 analysis. The trial court made findings regarding its weighing of the factors regarding admissibility, noting that the State had a high interest in having the jury see Appellee's videoed reenactment of how he said the child was injured. The court found that the State was able to recreate Appellee's pantomime of the events in question through its witness. The court noted specifically that the officer who conducted the interview was able to reenact Appellee's demonstration of how Appellee showed him the child was supposedly injured. Indeed, the officer even used the same stuffed animal Appellee used in his demonstration.

Accordingly, the court found that the probative value of the video portion of the recording was diminished because the same information was provided to the jury through the officer's reenactment. Furthermore, the officer demonstrated Appellee's actions as the audio portion of the recording of Appellee's statement was being played to the jury, which further assisted each juror's comprehension of Appellee's version of events even though the jury did not get to see the video of Appellee's demonstrations. While we can examine the video recording for ourselves, we must defer to the trial court's determination that the demonstration was effective because we cannot review the physical demonstration by the witness.

Finally, the State's argument that Article 38.21, Texas Code of Criminal Procedure, requires

---

[3] The State argues twice in its brief that the jury knew Appellant had been arrested in this case. The State cites volume five, pages 29-30 of the record in support of this assertion. Those pages do not contain any information about Appellee's being arrested. Detective Matthews testified that he arrested Appellee. That testimony is recorded on pages 29-30 of volume six. Assuming this is what the State intended to refer to, the officer's testimony that he arrested Appellee for this charge, in addition to being irrelevant, does not support any kind of waiver argument. Appellee was in custody for a different matter at the time of the interview, and Detective Matthews had not yet arrested him for this offense.

5

admission of the video is unpersuasive. Article 38.21 provides that freely and voluntarily made statements may be used in evidence; however, it requires that the admission be pursuant to "the rules hereafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). Article 38.23 forbids the admission of evidence obtained "in violation" of "the Constitution or law of the State of Texas." *Id*. art. 38.23(a) (West 2005). This section focuses on the procedural aspects of obtaining a statement, but Articles 38.21 and 38.23 not only could not supplant the protections afforded by the United States Constitution, as the State suggests, but they do not purport to do so.

The trial court found that the clothing and the identification bracelet that Appellee was compelled to wear during the interview were prejudicial to Appellee's constitutionally guaranteed rights. The court found that Appellee's constitutional right not to be shown to the jury in jail clothing when he was in custody was of greater weight that any loss the State suffered by having the officer recreate Appellee's demonstration and that the probative value of the video was outweighed by the danger of unfair prejudice. Both rulings are reasonable exercises of the trial court discretion, and the ruling on the constitutional issue is consistent with the ruling of the court of criminal appeals in the *Lucas* decision. We overrule the State's sole issue.

## DISPOSITION

Having overruled the State's sole issue, we *affirm* the order of the trial court excluding the video portion of a recorded interview of Appellee.

### SAM GRIFFITH
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00286-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**BRIAN FREDZELL PRINGLE,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-1602-11)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*